UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Juan Garcia,                                        Case No. 5:08-cv-352

        Petitioner,

v.                                                  **MEMORANDUM AND ORDER**

Secretary, Florida
Department of Corrections, et al.,

        Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

In March 1993 Petitioner Juan Andrews Garcia pled guilty to lewd and lascivious acts with a child under the age of 16 years. He was initially placed on probation and community control. In July 2001, after Petitioner's probation and community control were revoked, the sentencing court ordered Petitioner to serve 10 years in prison.

Petitioner was placed on conditional release supervision in June 2005. Among the terms and conditions of his supervision was Special Condition 25, which stated: "At the discretion of the Department of Corrections you shall submit to electronic monitoring. Your failure to submit and comply with this condition may be considered grounds for revocation of your supervision by the Florida Parole Commission."

Later that year, on receipt of a violation report, the Florida Parole Commission

("FPC") issued a Warrant for Retaking Conditional Release. The FPC alleged that Petitioner had violated a number of the conditions of his release, including Special Condition 25.

In December 2005, evidence and testimony were received at Petitioner's conditional release violation hearing that proved Petitioner had indeed violated certain conditions of his release, including Special Condition 25. The FPC chose to revoke Petitioner's conditional release supervision.

In February 2007, Petitioner filed a state court petition for a writ of habeas corpus. His writ was denied the following November. Petitioner then filed a writ of certiorari with the Fifth District Court of Appeal, which was denied on the merits in June 2008.

Petitioner commenced this action in August 2008, arguing that the FPC had no statutory authority or discretion to authorize the Florida Department of Corrections ("DOC") "to arbitrarily order [Petitioner] to submit to electronic monitoring absent the DOC being specifically given this legal authority by the Florida legislature." (Petitioner's Repl. at 2). Petitioner contends then that the allegations and findings that he violated certain conditions of his release, including Special Condition 25, were without evidentiary support because such conditions were never statutorily imposed by the FPC pursuant to § 947.1405(6). (Id. at 2-3).

**DISCUSSION**

**A. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct

appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The habeas statute also requires that a petition submitted by a person in custody pursuant to a state conviction be filed in federal court within one year from the date the conviction became final, 28 U.S.C. § 2244(d), and that a habeas petitioner exhaust his available state court remedies prior to raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992).

**B. Petitioner's Claims**

In his Petition, Petitioner attempts to raise constitutional arguments; however, his true argument is rooted in state law, not federal law. Specifically, Petitioner argues that the FPC lacked the authority to permit the DOC to include Special Condition 25 as part of his conditional release program. It is Petitioner's belief that the FPC had the authority to impose Special Condition 25, but that they could not delegate this decision to the DOC.

Essentially, Petitioner's argument only challenges the authority of the FPC. And because Florida statutes establish the authority of the FPC, Petitioner's argument is

3

controlled by state law. See Fla. Stat. § 947.1405 (2010); Simpson v. Florida Parole Com'n, No. 8:04-CV-1808, 2006 WL 923759, *10 (M.D. Fla. April 10, 2006) ("Petitioner's claim constitutes a challenge to the authority of the Parole Commission as exercised in revoking his Conditional Release supervision after a hearing . . . . The petition presents issues of state law and procedure, which are not cognizable on federal habeas corpus review."). Consequently, this Petition is not appropriate for federal habeas review.

In addition, given the nature of Petitioner's habeas claim, this Court believes that a Certificate of Appealability would not be appropriate. Petitioner is required to secure a Certificate of Appealability prior to appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

Petitioner's habeas claim alleges state law issues only. His argument concerns the authority of the FPC and his vague constitutional allegations are without merit. Therefore, because Petitioner has not demonstrated the denial of any constitutional rights, a Certificate of Appealability is not appropriate.

Accordingly, **IT IS HEREBY ORDERED that** the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED.**

Dated: <u>Wednesday, April 20, 2011</u>

<u>*s/ Paul A. Magnuson*    </u>
Paul A. Magnuson
United States District Court Judge